IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| **DOUGLASS H. EBSTYNE,** Individually as beneficiary and heir of Harold D. Ebstyne's will and certain policies of life insurance and other contracts and assets, and in his representative capacity as the Executor of the Estate of Harold D. Ebstyne, | : : : : : : : : | |
| Plaintiffs, | : : | Civil Action No. 4:07-cv-11 (HL) |
| v. | : : : | |
| **GRACE WILLIAMS EBSTYNE,** | : : | |
| Defendant. | : : : : | |

## ORDER

Before the Court is Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 3). For the reasons expressed herein, Defendant's Motion is granted.

**I. FACTS**

Douglass Ebsetyne filed suit against Defendant Grace Ebstyne in both his individual capacity as a beneficiary of Harold Ebstyne and in his representative capacity as the Executor of the Estate of Harold Ebstyne. Plaintffs allege federal subject matter jurisdiction is based on diversity jurisdiction pursuant to 28 U.S.C. § 1332 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Defendant subsequently filed the Motion to Dismiss that is pending in

1

this Court arguing the Court lacks subject matter jurisdiction over the case as the parties are not completely diverse.

**II. ANALYSIS**

The requirements for diversity of citizenship jurisdiction are set forth in 28 U.S.C. § 1332, which states that federal district courts have original jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1) (2000). In addition, "complete diversity" must exist between all parties for the court to retain jurisdiction; this means that every plaintiff must be diverse from every defendant. Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998).

Although, there is no statutory definition of citizen, with regard to natural persons, federal courts hold that citizenship is equivalent to "domicile" for purposes of diversity jurisdiction. McCormick v. Anderholt, 293 F.3d 1254, 1257 (11th Cir. 2002). Domicile generally requires physical presence in the state and the intent to make the state one's "'true, fixed, and permanent home and principal establishment.'" Id. (citation omitted). Further, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." 28 U.S.C. § 1332(c)(2) (2000).

Here, it is clear from the affidavits submitted that Douglass Ebstyne is domiciled in the State of Washington and Grace Ebstyne is domiciled in the State of Georgia. It is also clear that Harold Ebstyne was, at the time of his death, domiciled in the State of Georgia. Thus, for the purpose of determining diversity, Plaintiff Douglas Ebstyne, in his individual

capacity as a beneficiary, is a citizen of the State of Washington; Plaintiff Douglass Ebstyne, in his representative capacity as executor of Harold Ebstyne's estate, is a citizen of the State of Georgia; and Defendant Grace Ebstyne is a citizen of the State of Georgia. Because Plaintiff, in his representative capacity, and Defendant are citizens of the same state, complete diversity does not exist in this case.

Plaintiffs nevertheless argue that the Court has subject matter jurisdiction over this case. Plaintiffs argue the Court has subject matter jurisdiction, based on diversity, over his individual claim, and can exercise supplemental jurisdiction over his claim as executor of Harold Ebstyne's estate. According to Plaintiffs,

> [b]ecause Plaintiff Douglass Ebstyne and Defendant Grace Williams Ebstyne are residents citizens of different states and because the amount in controversy as between the Douglass Ebstyne's individual claim against Grace Williams Ebstyne is in excess of $75,000.00, the Court has original jurisdiction over his individual claim, based on diversity of citizenship.

(Pls.'s Resp. in Opp'n to Def.'s Mot. to Dismiss 8.) Having concluded the Court has subject matter jurisdiction over Plaintiff's individual claims, Plaintiffs further argue that the Court should retain supplemental jurisdiction over Plaintiff's claims as executor of Harold Ebstyne's estate:

> [T]his Court should retain supplemental jurisdiction of the Estate's claim against Grace Williams Ebstyne, because it is so related to Douglass Ebstyne's individual claim, over which the Court has original jurisdiction, such that the Estate's claim form part of the same case or controversy under Article III of the United States Constitution.

(Pls.'s Resp. in Opp'n to Def.'s Mot. to Dismiss 9.)

Although Plaintiffs assert an interesting argument, it appears Plaintiffs have

overlooked one small detail. The statute governing the exercise of supplemental jurisdiction provides that "in any civil action of which the district courts have original jurisdiction," a district court may exercise supplemental jurisdiction. 28 U.S.C. § 1332(c)(2) (2000). Contrary to Plaintiffs' assertion, the Court does not have original jurisdiction over this case. Regardless of how Plaintiff may now attempt to dissect this case, the fact remains that two individual parties instituted this action against Defendant. One of those parties is a citizen of the same state as Defendant. As the parties are not completely diverse, this case does not meet the requirements of diversity jurisdiction, and therefore, the Court does not have original jurisdiction over this case. Accordingly, the Court may not exercise supplemental jurisdiction over any claim.

**III. CONCLUSION**

For the reasons expressed herein, Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction is granted and the case is dismissed.

**SO ORDERED**, this the 25th day of May, 2007.

**/s/ Hugh Lawson**
**HUGH LAWSON, Judge**

scs